UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE TRINIDAD LUNA,

Petitioner,

v.

TONYA ANDREWS ET AL.,

Respondents.

No. 1:26-cv-06522-DAD-CKD

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On August 17, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for appointment of counsel (Doc. No. 3), and a motion for a temporary restraining order ("TRO") seeking his immediate release. (Doc. No. 4.)

On August 18, 2026, the court set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondents filed their

opposition on August 19, 2026, in which they state that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but explicitly acknowledge that the decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196464 (9th Cir. July 30, 2026) controls in this regard and provides that petitioner's detention is instead governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 1.) Respondents' response does not state any objection to the court ruling on petitioner's habeas petition based on the current briefing and the court will do so.

The court describes the record as presented by the parties as follows. Petitioner states that he was detained by immigration authorities on or about August 11, 2026, and remains in custody. (Doc. No. 3 at 1). If petitioner has an outstanding order of removal, then his current detention is governed by 8 U.S.C. § 1231(a)(6). Respondents, on the other hand, claim that petitioner is currently detained pursuant to 8 U.S.C. § 1226(a), suggesting that there is no outstanding order of removal against petitioner. Whether petitioner is detained under § 1226(a) as respondents concede, or § 1231(a)(6) if, as petitioner states because he is being detained again pursuant to an order removal, is a distinction without a difference for the reasons explained below.

Given the lack of evidence supporting petitioner's assertion of the statutory basis for his current detention, the court will presume he is being detained under § 1226(a).[1] Accordingly, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondents' failure to detain petitioner in compliance with the procedures required by § 1226(a) support his immediate release. The court in *Zurita Navarro,* 2026 WL 2294963, at *1, explained the due process procedures that must be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided an initial custody

---

[1] Without any supporting documentation, petitioner asserts in his pending form petition that he was "ordered deported/removed *to* the nation of United States" in April 1994. (Doc. No. 1 at 2) (emphasis added). This would also appear to be clearly incorrect. It is far more likely that petitioner is attempting to allege that he was taken into custody upon entry and was released into the United States. In any event, even if petitioner's illogical allegation were somehow accurate, petitioner would also be entitled to release because there is no suggestion that petitioner was provided the process due one who is re-detained following the issuance of a removal order. *See Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787 (E.D. Cal. Dec. 2, 2025).

determination by an immigration officer where petitioner had the opportunity to demonstrate that his release would not pose a danger or flight risk. The failure to follow these procedures regarding petitioner's current immigration detention causes the court to conclude that petitioner is entitled to be released at this time if he is currently being detailed pursuant to § 1226(a) as respondents contend. *See Zurita Navarro*, 2026 WL 2294963, at *2.

For the reasons stated above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Jose Trinidad Luna, A-File No. 089-753-576, from respondents' custody on the conditions, if any, he was subject to prior to his detention on August 11, 2026;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;
3. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting habeas relief;
4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE